IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SYLVIA SHATZ and ANDREW SHATZ,
her husband,

    Plaintiffs,

v.                                      Civil Action No. 3:01CV47
                                                                (STAMP)
FORD MOTOR COMPANY,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER
GRANTING FORD MOTOR COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING GLASS/GLAZING</u>**

       On May 6, 2005, defendant, Ford Motor Company ("Ford"), filed a motion for partial summary judgment on the issue of glass/glazing. Ford requests that this Court dismiss all of the plaintiffs' glass and glazing defect claims as a matter of law. Ford notes that while the plaintiffs' complaint does not specifically allege any defect of this nature, they have retained an expert, William H. Muzzy, III, who has raised the issue of glass and glazing in his report and at his deposition. Ford asserts that Mr. Muzzy has admitted that he is not a glass expert, and that any claim on this issue should be dismissed.

       In response, the plaintiffs state that they do not intend to offer opinions or other evidence related to glass or glazing. They therefore consent to Ford's motion as long as Ford does not "open the door." Pls.' Resp. at 1. In reply, Ford notes that the plaintiffs' concession sounds "illusory" inasmuch as it suggests that Ford could "open the door" by offering evidence or making

argument that the glass/glazing was not defective, that the occupants restraints/protection system could not have been made any safer, or regarding the feasibility of glass/glazing designs, etc. Ford asserts that the glass/glazing in the 1996 Ford Explorer was not defective.

After reviewing the parties' memoranda, this Court is confident that the plaintiffs' concession regarding this issue is not "illusory." Any questions that arise related to Ford's presentation of evidence regarding glass or glazing will be addressed if and when they materialize.

Accordingly, based on the representations of the parties and this Court's conclusion that no genuine issue of material fact remains as to the issue of glass/glazing, Ford's motion for partial summary judgment regarding the issue of glass/glazing is GRANTED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: July 5, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE