```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SYLVIA SHATZ and ANDREW SHATZ,

        Plaintiffs,

v.                                   Civil Action No. 3:01CV47
                                                      (STAMP)
FORD MOTOR COMPANY,
a Delaware corporation,

        Defendant.
```

## ORDER ACCEPTING PLAINTIFFS' BILL OF COSTS
## AND DIRECTING PAYMENT

After finding civil sanctions were warranted against the defendant's counsel, this Court entered an order granting plaintiffs' attorney's fees and directing plaintiffs' counsel to submit a bill of costs. The plaintiffs then submitted a statement of fees and expenses, an amendment to the plaintiffs' statement of fees and expenses and a supplement to plaintiffs' statement of fees and expenses.

Specifically, the plaintiffs' statement of fees and expenses stated that the plaintiffs were entitled to $13,422.50 in fees and $1,232.90 in expenses for a total of $14,655.40. Their statement included as exhibits: (1) an affidavit of Scott S. Segal indicating that he spent 12 hours addressing issues related to post-trial incident, that his hourly rate is $400.00 and that his firm expended $1,197.61 for transportation costs; (2) a curriculum vitae describing Mr. Segal's relevant work experience; (3) a time sheet clarifying services performed for the 12 hours stated above, (4) affidavits of several members of the West Virginia Bar estimating

Mr. Segal's hourly rate at $400.00, (5) an invoice showing $1,155.00 for the flight to and from Wheeling, West Virginia, and $42.61 for meal and gas expenses, (6) a letter explaining that flying was less expensive than driving would have been at each attorney's hourly rate, (7) an affidavit of attorney Christopher L. Brinkley indicating he spent 30.5 hours addressing issues related to post-trial incident, that his hourly rate is $250.00, (8) a curriculum vitae describing Mr. Brinkley's relevant work experience; and (9) a time sheet clarifying services performed for the 30.5 hours stated above.

The amendment to the plaintiffs' statement of fees and expenses indicated that Mr. Brinkley's affidavit was not notarized, and therefore, a notarized affidavit was made available as an attachment to the amendment. The supplement to plaintiffs' statement of fees and expenses reported that Judge Michael Thornsbury of the Circuit Court of Mingo County, West Virginia, reduced Mr. Segal's hourly rate from $400.00 to $275.00 based on the "appropriate market" rate for Mingo County, West Virginia. Mr. Segal indicated he was appealing the decision and requesting an hourly rate of $400.00 for purposes of this action.

On October 17, 2005, the defendant filed a response to plaintiffs' bill of costs indicating that it believed Mr. Segal's fee was appropriately set at an hourly rate of $275.00. In addition, the defendant requested clarification for travel expenses listed for both airfare and car travel. Accordingly, this Court

entered an order directing plaintiffs' counsel to clarify Exhibit 1-D of plaintiffs' statement of fees and expenses.

The plaintiffs then filed a clarification of "meal/gas" expense that itemized expenses, attached an affidavit of Joe Cooke, the pilot, and included receipts from the flight, from a Cracker Barrel restaurant and from an Exxon Express in Wheeling, West Virginia for transportation from the airport to the courthouse and back.

The reasonableness of attorney's fees is generally based on the following broad factors:

> (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesireability' of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases.

See e.g. Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886 (1984)(citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). The fees then can be adjusted as necessary. Id. Reasonable attorney's fees in federal civil actions should be calculated "according to prevailing market rates in the relevant

community" at the time the services were rendered.  Blum, 465 U.S. at 895; Trimper v. City of Norfolk, Va., 58 F.3d 68, 73 (4th Cir. 1995).  A district court has discretion in determining the appropriate amount of a fee award.  Trimper at 74.

The defendant argues that Mr. Segal's fee would be appropriately set at $275.00 per hour in light of the plaintiffs' supplement to their statement of fees and expenses that indicates Judge Thornsbury of Mingo County, West Virginia, reduced Mr. Segal's hourly rate.  This Court does not believe that the hourly rate established by the Circuit Court of Mingo County, West Virginia, which is based on the Mingo County market, is necessarily relevant to the hourly rate in this case, which events took place in Martinsburg and Wheeling, West Virginia, respectively.  After considering the factors set forth above, the experience of counsel, the nature of the matters in this case and the markets of both Martinsburg and Wheeling, this Court finds that the $400.00 hourly rate is reasonable in this particular case.  This Court further finds that other hourly rates submitted by the plaintiffs to which no objection was made by the defendant are also reasonable in this case.

As a final matter, this Court considers the defendant's objection to apparent duplication in the plaintiffs' travel expenses. Granting the defendant's request, this Court directed the plaintiff to clarify Exhibit 1-D, which listed a "meal/gas" expense. As stated above, the plaintiffs have submitted a clarification of

the "meal/gas" expense with an affidavit of pilot Joe Cooke explaining expenses, a receipt from the flight, a receipt from a Cracker Barrel restaurant and a receipt from an Exxon Express in Wheeling, West Virginia for transportation from the airport to the courthouse and back. From the evidence submitted by the plaintiffs, this Court is satisfied that the expenses listed by the plaintiffs are fair and accurate.

Accordingly, this Court finds that the plaintiffs are entitled to $13,422.50 in fees and $1,232.90 in expenses, for a total of $14,655.40 as a civil sanction for expenses incurred by the plaintiffs as a result of the defendant's counsels' improper conduct as described by this Court in its October 26, 2005 memorandum opinion. The defendant is DIRECTED to pay to the plaintiffs a total of **$14,655.40** within a reasonable period of time.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: March 13, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE